IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| THRIVE SYSTEMS, INC., THRIVE NATIONAL CORPORATION, and GRANDVIEW CORPORATE CENTRE, LLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>J. HOYT STEPHENSON, JOSEPH STEPHENSON, KIM STEPHENSON SMITH, SETH SMITH, CHASE CONSTANTINO, KERBY BARKER, and JOHN and JANE DOES I-X<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION TO REMAND AND FOR ATTORNEY FEES<br><br><br><br>Case No. 1:12-CV-198 TS |

  This matter is before the Court on Plaintiffs Thrive Systems, Inc., Thrive National Corporation, and Grandview Corporate Centre's Motion to Remand and for Attorney Fees.[1]  For the reasons discussed below, the Court will grant in part and deny in part Plaintiff's Motion.

---

[1] Docket No. 13.

1

I. BACKGROUND

Plaintiffs filed their Complaint in this action on or about September 17, 2012, in the Second District Court for the State of Utah. Defendants then removed the case to this Court on September 24, 2012, arguing that this Court has diversity jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. Although the parties agree that Defendant Chase Constantino ("Constantino") is domiciled in Utah, Defendants argue that his presence in this suit does not destroy complete diversity because he was fraudulently joined as a defendant.

On October 24, 2012, Plaintiffs filed their Motion to Remand and for Attorney fees, arguing that the Court lacks subject matter jurisdiction to hear this case because Defendant J. Hoyt Stephenson is domiciled in Utah, and Constantino was properly joined as a Defendant. Plaintiffs also argue that they are entitled to attorney fees because Defendants' removal of this case was objectively unreasonable.

This is not the first case before this Court involving Stephenson's domicile. On June 14, 2012, this Court dismissed one such related case because Stephenson was domiciled in Utah and the Court therefore lacked diversity jurisdiction.[2] The Honorable David Sam also held that Stephenson was domiciled in Utah on September 13, 2012,[3] and again, in a separate case, on September 14, 2012.[4]

---

[2]*Middleton v. Stephenson*, 2012 WL 2224451, at *6 (D. Utah June 14, 2012).

[3]Memorandum Decision and Order, *Stephenson v. Omni Health & Fitness Club of Mobile, LLC*, No. 1:12-CV-100, (D. Utah Sept. 13, 2012), ECF No. 45.

[4]Order on Motion to Remand, *Metronomics, Inc. v. Stephenson*, No. 1:12-CV-106, (D. Utah Sept. 14, 2012), ECF No. 19.

## II. DISCUSSION

A.   STEPHENSON'S DOMICILE

Plaintiffs first argue that because this Court has previously determined that Stephenson was domiciled in Utah, the principles of issue preclusion prevent Defendants from re-litigating that issue in this case.

Generally speaking, issue preclusion applies when the following four requirements are met:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[5]

"There is an important exception to the general rule that a final adjudication on the merits is a prerequisite to issue preclusion. It has long been acknowledged that '[t]he principles of *res judicata* apply to questions of jurisdiction as well as to other issues.'"[6] "In particular, dismissals for lack of jurisdiction 'preclude relitigation of the issues determined in ruling on the jurisdiction question.'"[7]

---

[5] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (quoting *Dodge v. Cotter Corp.* 203 F.3d 1190, 1198 (10th Cir. 2000)).

[6] *Id.* (quoting *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932)) (alteration in original).

[7] *Id.* (quoting *Matosantos Comm. Corp. v. Applebee's Int'l Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001)).

In this case, the parties dispute only the first requirement for issue preclusion: whether the issue before the Court (Stephenson's domicile) is identical to the issue already decided in three prior cases before the Court. Defendants argue that the issue before the Court today differs from issues previously decided in two respects: (1) the prior cases did not specifically state that Stephenson was domiciled in Utah, but rather stated that "Stephenson has not carried his burden of establishing domicile in Wyoming;"[8] and (2) citizenship in the prior cases was determined as of a different date than the date used for determining Stephenson's citizenship in the current case. The Court will address these arguments in turn.

Defendants' first argument fails because the Court's prior decisions were tantamount to a finding that Stephenson was domiciled in Utah. In each of the three prior cases, Stephenson bore the burden of persuading the Court that he was domiciled in Wyoming, instead of Utah. When Stephenson failed to meet that burden, the implication was that Stephenson was domiciled in Utah and complete diversity did not exist. Accordingly, each case was dismissed.

Here, Stephenson attempts for the fourth time to persuade this Court that he is domiciled in Wyoming, instead of Utah. But Stephenson has already had his day in court on this issue, and the principles of issue preclusion preclude him from having yet another bite at the same apple.

Defendants' second argument fails because Defendants have failed to show Stephenson's domicile changed in the time since the Court found that he was domiciled in Utah. "[D]iversity of citizenship is assessed at the time the action is filed."[9] Similarly, when a case has been

---

[8] Docket No. 17, at 17.

[9] *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

removed from state to federal court, "diversity of citizenship is determined as of the time of the state court filing."[10] The three cases in which Stephenson was determined to be domiciled in Utah were filed on March 31, 2012; April 13, 2012; and May 7, 2012. Plaintiffs filed their Complaint in this case on September 17, 2012. Defendants have not called the Court's attention to any facts that show a change in Stephenson's domicile between those dates. Therefore, the issue of Stephenson's domicile is the same issue that has already been litigated three times before and the principles of issue preclusion prevent this Court from hearing it again. As a result, the Court is without subject matter jurisdiction and this case must be remanded to the state court from which it was removed.

B.    FRAUDULENT JOINDER

Because the Court finds that Defendant Stephenson's Utah domicile defeats diversity jurisdiction, the Court need not reach Defendants' fraudulent joinder argument.

C.    ATTORNEY FEES

Plaintiffs move the Court to award their costs and attorney fees incurred in litigating their Motion to Remand and for Attorney Fees. 28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal."[11] "Absent unusual circumstances, courts may award attorney's

---

[10] *Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co.*, 222 F. Supp. 2d 1238, 1242 n.13 (internal quotation marks and citations omitted).

[11] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[12]

Although Defendants were unsuccessful in their attempt to remove this case, it appears that they had an objectively reasonable basis for doing so. Plaintiffs' request for attorney fees and costs, therefore, will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Remand and For Attorney Fees (Docket No. 13) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that Defendants' Motion for Protective Order (Docket No. 3) is DENIED AS MOOT. It is further

ORDERED that Defendants' Motion for Order Vacating and Enjoining Enforcement of State Court Preliminary Injunction (Docket No. 8) is DENIED AS MOOT. It is further

ORDERED that the hearing set in this case for January 10, 2013, is STRICKEN.

The Clerk of the Court is directed to remand this matter to the Second District Court for the State of Utah and close this case forthwith.

---

[12] *Id.*

DATED   December 27, 2012.

                                        BY THE COURT:

                                        _____

                                        TED STEWART
                                        United States District Judge